NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NARCISO BAHENA-BARRETO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4497

Agency No.
A216-051-709

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2026[**]
Portland, Oregon

Before: BEA, CHRISTEN, and DESAI, Circuit Judges.

Petitioner, a native and citizen of Mexico, seeks review of a decision of the

Board of Immigration Appeals ("BIA") that dismissed his appeal from an

immigration judge's decision, which denied his application for cancellation of

removal and ordered Petitioner removed to Mexico. We have jurisdiction under 8

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252(a). We review the BIA's legal determinations de novo. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We affirm.

Cancellation of removal for nonpermanent residents generally requires, *inter alia*, the absence of a conviction under 8 U.S.C. §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3). *See* 8 U.S.C. § 1229b(b); *but see* 8 U.S.C. § 1229b(b)(5) (allowing waiver in certain circumstances). Petitioner was the subject of a restraining order issued under the Oregon Family Abuse Prevention Act. In violation of that restraining order, he contacted the protected person in person, and he subsequently had a judgment entered against him for contempt of court pursuant to Oregon Revised Statutes "O.R.S." § 33.015.

Under *Diaz-Quirazco v. Barr*, 931 F.3d 830, 846 (9th Cir. 2019), a contempt judgment under O.R.S. § 33.015 meets the definition of a conviction pursuant to 8 U.S.C. § 1101(a)(48)(A), notwithstanding the fact that a contempt judgment is not a criminal conviction under Oregon law; Petitioner therefore has been convicted for purposes of 8 U.S.C. § 1227(a)(2)(E)(ii) and is thus ineligible for cancellation of removal under § 1229b(b).

Petitioner urges us to overrule *Diaz-Quirazco*, which deferred to the BIA under *Chevron, U.S.A., Inc. v. National Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) (overruling *Chevron*). As a three-judge panel, we are bound by *Diaz-Quirazco*

unless *Loper Bright* "undercut the theory or reasoning underlying [*Diaz-Quirazco*] in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). In *Loper Bright*, the Supreme Court explained that its decision "do[es] not call into question prior cases that relied on the *Chevron* framework" and holds that "[t]he holdings of those cases… are still subject to statutory stare decisis despite our change in interpretive methodology . . . [absent a] 'special justification.'" 603 U.S. 369, 412 (2024) (citation modified). No such special justification is claimed and none exists, *see, e.g., Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 585 U.S. 878, 916–29 (2018) (discussing special justifications for overruling a precedential case); therefore, *Diaz-Quirazco* remains binding. *See Lopez v. Garland*, 116 F.4th 1032, 1045 (9th Cir. 2024).

**AFFIRMED.**